**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| Michael Thomas, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.   06-3020 |
| ) | |
| Lt. Law, Lt. Marty Winston, ) | |
| Correctional Officer Kevin Rigg, ) | |
| Lt. John Doe, ) | |
| Correctional Officer John Doe #1, ) | |
| Correctional Officer John Doe #2, ) | |
| ) | |
| Defendants. ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

NOW COME the Defendants, BRYON LAW, MARTY WINSTON, and KEVIN RIGG, by and through their attorney, Illinois Attorney General Lisa Madigan, and hereby answer and raise affirmative defenses against the allegations in the Plaintiff's Complaint, stating as follows:

## CHRONOLOGY AND STATEMENT OF FACTS

1. Defendants admit the allegations contained in this paragraph.

2. Defendants deny the allegations contained in this paragraph.

3. Defendants admit that Plaintiff has filed the instant litigation against prison officials alleging use of excessive force on July 22, 2004, and March 20, 2005. Defendants deny the remaining allegations contained in this paragraph.

4. Defendants admit Plaintiff was on the North yard on July 22, 2004. Defendants lack sufficient information to admit or deny the remaining allegations contained in this paragraph.

5. Defendants admit Plaintiff was on the weight pad at the far North end of the yard on July 22, 2004. Defendants lack sufficient information to admit or deny the remaining allegations contained in this paragraph.

6. Defendants admit that at approximately 2:00 p.m., it was announced that the North yard was being closed and that inmates were to report to the front gate. Defendants lack sufficient information to admit or deny whether Plaintiff and other inmates started gathering their belongings. Defendants deny the remaining allegations contained in this paragraph.

7. Defendants admit Plaintiff did not timely report to the gate, and that Plaintiff was with a group of four other inmates. Defendants deny the remaining allegations contained in this paragraph.

8. Defendants admit that Plaintiff disobeyed several direct orders to report to the gate, and that Defendant Rigg wrote Plaintiff a disciplinary report indicating Plaintiff "leisurely walked to the gate" after refusing to comply with two direct orders to report to the gate. Defendants further admit that other correctional officials witnessed the incident or arrived shortly thereafter, and that four other inmates were involved in the incident. Defendants deny the remaining allegations contained in this paragraph.

9. Defendants admit that Defendant Winston was also a reporting officer. Defendants deny the remaining allegations contained in this paragraph.

10. Defendants deny the allegations contained in this paragraph.

11. Defendants deny the allegations contained in this paragraph.

12. Defendants deny the allegations contained in this paragraph.

13. Defendants admit Plaintiff was taken to segregation on disciplinary charges for the July 22, 2004, incident. Defendants deny the remaining allegations contained in this paragraph.

14. Defendants admit Plaintiff was taken to segregation on disciplinary charges for the July 22, 2004, incident. Defendants deny the remaining allegations contained in this paragraph.

15. Defendants deny the allegations contained in this paragraph.

16. Defendants deny the allegations contained in this paragraph.

17. Defendants lack sufficient information to admit or deny whether Plaintiff asked other inmates to contact government officials. Defendants deny the remaining allegations contained in this paragraph.

18. Defendants admit Plaintiff filed several grievances concerning the July 22, 2004, incident, dated August 9, 2004, and September 7, 2004. Defendants deny the remaining allegations contained in this paragraph.

19. Defendants admit Plaintiff complained of pain in his testicle and received medical attention for his complaints, including care from Dr. Brown. Defendants deny such medical care was necessary as a result of their actions.

20. Defendants admit Plaintiff complained of pain in his testicle and received medical attention for his complaints. Defendants admit that an entry in Plaintiff's medical records on August 11, 2004, indicates "prostalosis and epididymitis." Defendants lack sufficient information to admit or deny what these medical terms indicate. Defendants deny such medical care was necessary as a result of their actions, and further deny the remaining allegations contained in this paragraph.

21. Defendants admit Plaintiff occasionally sought medical attention concerning discomfort in his testicle. Defendants deny such medical care was necessary as a result of their actions, and further deny the remaining allegations contained in this paragraph.

22. Defendants lack sufficient information to admit or deny the allegations contained in this paragraph.

23. Defendants lack sufficient information to admit or deny the allegations contained in this paragraph.

24. Defendants admit Plaintiff was on a medical furlough on October 25, 2004, and saw Dr. Wilson for his complaints of scrotal pain. Defendants deny such medical care was necessary as a result of their actions. Defendants lack sufficient information to admit or deny the remaining allegations contained in this paragraph.

25. Defendants lack sufficient information to admit or deny the allegations contained in this paragraph.

26. Defendants deny the allegations contained in this paragraph.

27. Defendants deny the allegations contained in this paragraph.

28. Defendants deny the allegations contained in this paragraph.

29. Defendants deny the allegations contained in this paragraph.

30. Defendants admit Defendant Rigg did not strike Plaintiff. Defendants deny the remaining allegations contained in this paragraph.

31. Defendants admit the disciplinary report written by Defendant Rigg does not indicate that Plaintiff was resistant, fighting, or combative, or assaultive while at the weight pad or walking to the gate. Defendants deny the remaining allegations contained in this paragraph.

32. Defendants admit Defendant Winston wrote Plaintiff a disciplinary report on July 22, 2004, and that the report indicates Plaintiff stated "I'll be getting out in a couple years and I'll kill me a couple more of you Klan members." Defendants deny the remaining allegations contained in this paragraph.

33. Defendants admit that Defendant Winston's report indicates that Plaintiff stated "I'll be getting out in a couple years and I'll kill me a couple more of you Klan members" and that this was stated in a threatening manner.

34. Defendants deny the allegations contained in this paragraph.

35. Defendants deny the allegations contained in this paragraph.

36. Defendants admit Plaintiff filed several grievances concerning the July 22, 2004, incident, dated August 9, 2004, and September 7, 2004. Defendants deny the remaining allegations contained in this paragraph.

37. Defendants admit Plaintiff's August 9, 2004, grievances were denied, and that one of the grievances pertained to personal property. Defendants further admit that the Chief Administrative Officer's Response to the grievances bears the Warden's signature and the dates August 27, 2004, and August 30, 2004. Defendants deny the remaining allegations contained in this paragraph.

38. Defendants deny the allegations contained in this paragraph.

39. Defendants admit Plaintiff filed a grievance dated September 7, 2004, and that the Chief Administrative Officer's Response bears the Warden's signature and the date October 7, 2004. Defendants deny the remaining allegations contained in this paragraph.

40. Defendants lack sufficient information to admit or deny the allegations contained in this paragraph.

41. Defendants lack sufficient information to admit or deny the allegations contained in this paragraph.

42. Defendants lack sufficient information to admit or deny the allegations contained in this paragraph.

43. Defendants lack sufficient information to admit or deny the allegations contained in this paragraph.

44. Defendants lack sufficient information to admit or deny the allegations contained in this paragraph.

45. Defendants deny the allegations contained in this paragraph.

46. Defendants lack sufficient information to admit or deny the allegation that Plaintiff was enrolled in the prison college program three months later. Defendants deny the remaining allegations contained in this paragraph.

47. Defendants admit Plaintiff was involved in an incident on March 20, 2005, and that Plaintiff's hand struck Officer Albert during the incident. Defendants deny the remaining allegations contained in this paragraph.

48. Defendants admit Officer Albert's disciplinary report indicates Plaintiff "then backed up and away" from Officer Albert and that Plaintiff was cuffed following the incident on March 20, 2005. Defendants deny the remaining allegations contained in this paragraph.

49. Defendants admit Officer Albert did not harm Plaintiff and that Officer Albert is not a party to this litigation. Defendants deny the remaining allegations contained in this paragraph.

50. Defendants lack sufficient information to admit or deny the allegations contained in this paragraph.

51. Defendants lack sufficient information to admit or deny the allegation that Plaintiff was taken to segregation without further incident. Defendants deny the remaining allegations contained in this paragraph.

52. Defendants admit that Plaintiff was transferred from Western Illinois Correctional Center, a medium-security facility, to Pontiac Correctional Center, a maximum-security facility, following the March 20, 2005, incident. Defendants deny the remaining allegations contained in this paragraph.

53. Defendants lack sufficient information to admit or deny the allegations contained in this paragraph.

54. Defendants admit Plaintiff was transferred from Western Illinois Correctional Center to Pontiac Correctional Center on March 20, 2005. Defendants lack sufficient information to admit or deny the remaining allegations contained in this paragraph.

55. Defendants admit Plaintiff was transferred from Western Illinois Correctional Center to Pontiac Correctional Center on March 20, 2005. Defendants lack sufficient information to admit or deny the remaining allegations contained in this paragraph.

56. Defendants deny the allegations contained in this paragraph.

57. Defendants admit Plaintiff has named several John Does as Defendants. Defendants deny the remaining allegations contained in this paragraph.

58. Defendants deny the allegations contained in this paragraph.

59. Defendants deny the allegations contained in this paragraph.

60. Defendants deny the allegations contained in this paragraph.

61. Defendants deny the allegations contained in this paragraph.

62. Defendants deny the allegations contained in this paragraph.

63. Defendants deny the allegations contained in this paragraph.

64. Defendants deny the allegations contained in this paragraph.

65. Defendants deny the allegations contained in this paragraph.

66. Defendants admit that they have not been disciplined.  Defendants remaining allegations contained in this paragraph.

67. Defendants deny the allegations contained in this paragraph.

68. Defendants admit Plaintiff has sought medical care while at Pontiac Correctional Center.  Defendants deny such medical care was necessary as a result of their actions.

69. Defendants lack sufficient information to admit or deny the allegations contained in this paragraph.

70. Defendants lack sufficient information to admit or deny the allegations contained in this paragraph.

71. Defendants deny the allegations contained in this paragraph.

72. Defendants deny the allegations contained in this paragraph.

73. Defendants deny the allegations contained in this paragraph.

74. Defendants deny the allegations contained in this paragraph.

75. Defendants deny the allegations contained in this paragraph.

76. Defendants deny the allegations contained in this paragraph.

77. Defendants deny the allegations contained in this paragraph.

78. Defendants deny the allegations contained in this paragraph.

79. Defendants deny the allegations contained in this paragraph.

80. Defendants admit Plaintiff has received medical attention while incarcerated at Pontiac Correctional Center.  Defendants lack sufficient information to admit or deny the remaining allegations contained in this paragraph.

81. Defendants admit Plaintiff has received medical attention while incarcerated at Pontiac Correctional Center.  Defendants lack sufficient information to admit or deny the remaining allegations contained in this paragraph.

82. Defendants deny that Plaintiff was attacked by prison officials at Western.  Defendants lack sufficient information to admit or deny the remaining allegations contained in this paragraph.

83. Defendants deny the allegations contained in this paragraph.

84. Defendants admit Plaintiff has received medical treatment relating to his testicles.  Defendants lack sufficient information to admit or deny how many times Plaintiff has received such care or treatment.  Defendants deny the remaining allegations contained in this paragraph.

85. Defendants deny the allegations contained in this paragraph.

## Relief Requested

Defendants deny that Plaintiff is entitled to any relief in this matter.

## AFFIRMATIVE DEFENSES

**Defense No. 1.**     At all times relevant herein, Defendants acted in good faith in the performance of their official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known.  Defendants are therefore protected from suit for damages by the doctrine of qualified immunity.

**Defense No. 2.**     To the extent Plaintiff seeks damages against Defendants in their official capacities, such claims are barred by the Eleventh Amendment to the United States Constitution.

**Defense No. 3.** To the extent Plaintiff has failed to exhaust his administrative remedies in this matter, his claim is barred by 42 U.S.C. § 1997e(a).

        Respectfully submitted,

        BRYON LAW, MARTY WINSTON, and KEVIN RIGG,

            Defendants,

        LISA MADIGAN, Attorney General
        State of Illinois,

            Attorney for Defendants,

        By:   s/Carrie L. Kinsella
        Carrie L. Kinsella, #6283318
        Attorney for Defendants
        Assistant Attorney General
        500 South Second Street
        Springfield, IL  62706
        Telephone:  (217) 557-0261
        Facsimile:  (217) 524-5091
        E-Mail:  ckinsella@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | | |
|---|---|---|---|
| Michael Thomas, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 06-3020 |
| | ) | | |
| Lt. Law, Lt. Marty Winston, | ) | | |
| Correctional Officer Kevin Rigg, | ) | | |
| Lt. John Doe, | ) | | |
| Correctional Officer John Doe #1, | ) | | |
| Correctional Officer John Doe #2, | ) | | |
| | ) | | |
| Defendants. | ) | | |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2006, I electronically filed an Answer and Affirmative Defenses with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

None

and I hereby certify that on May 5, 2006, I mailed by United States Postal Service, the document to the following non-registered participant:

Michael Thomas, B-71744
Stateville Correctional Center
Route 53
PO Box 112
Joliet, IL 60434

Respectfully submitted,
/s/Carrie L. Kinsella
Carrie L. Kinsella, #6283318
Attorney for Defendants
Assistant Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 557-0261
Facsimile:  (217) 524-5091
E-Mail:  ckinsella@atg.state.il.us