**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| Michael Thomas, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.    06-3020 |
| | ) | |
| Lt. Law, Lt. Marty Winston, | ) | |
| Correctional Officer Kevin Rigg, | ) | |
| Lt. John Doe, | ) | |
| Correctional Officer John Doe #1, | ) | |
| Correctional Officer John Doe #2, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES**

NOW COME the defendants, Mark Haubrich, John Hamilton, Kent Johnson, Willie Hedden and Jeff Zeeck, by and through their attorney, Illinois Attorney General Lisa Madigan, and hereby answer and raise affirmative defenses against the allegations in the Plaintiff's Complaint, stating as follows:

**CHRONOLOGY AND STATEMENT OF FACTS**

1.      Defendants admit the allegations contained in this paragraph.

2.      Defendants deny the allegations contained in this paragraph.

3.      Defendants admit that plaintiff has filed the instant litigation against prison officials alleging use of excessive force on July 22, 2004, and March 20, 2005. Defendants deny the remaining allegations contained in this paragraph.

4.      Defendants admit plaintiff was on the North yard on July 22, 2004.  Defendants lack sufficient information to admit or deny the remaining allegations contained in this paragraph.

5.     Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

6.     Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

7.     Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

8.     Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

9.     Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

10.     Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

11.     Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

12.     Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

13.     Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

14.     Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

15.     Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

16.     Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

17.    Defendants lack sufficient knowledge to admit or deny the allegations contained
       in this paragraph.

18.    Defendants admit an emergency grievance procedure exists.  The defendants
       lack sufficient knowledge to admit or deny the remaining allegations in this
       paragraph.

19.    Defendants lack sufficient knowledge to admit or deny the allegations contained
       in this paragraph.

20.    Defendants lack sufficient knowledge to admit or deny the allegations contained
       in this paragraph.

21.    Defendants lack sufficient knowledge to admit or deny the allegations contained
       in this paragraph.

22.    Defendants lack sufficient information to admit or deny the allegations contained
       in this paragraph.

23.    Defendants lack sufficient information to admit or deny the allegations contained
       in this paragraph.

24.    Defendants admit Plaintiff was on a medical furlough on October 25, 2004, and
       saw Dr. Wilson for his complaints of scrotal pain. Defendants lack sufficient
       information to admit or deny the remaining allegations contained in this
       paragraph.

25.    Defendants admit a second inmate was on the medical furlough on October 25,
       2004.  Defendants admit officers were present to escort plaintiff on the furlough,
       but deny there were only two, deny they knew the specifics of plaintiff's medical
       condition, and deny the beat plaintiff.

26.    Defendants deny the allegations contained in this paragraph.

3

27.    Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

28.    Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

29.    Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

30.    Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

31.    Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

32.    Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

33.    Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

34.    Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

35.    Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

36.    Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

37.    Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

38.    Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

39.    Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

40.    Defendants lack sufficient information to admit or deny the allegations contained in this paragraph.

41.    Defendants lack sufficient information to admit or deny the allegations contained in this paragraph.

42.    Defendants lack sufficient information to admit or deny the allegations contained in this paragraph.

43.    Defendants lack sufficient information to admit or deny the allegations contained in this paragraph.

44.    Defendants lack sufficient information to admit or deny the allegations contained in this paragraph.

45.    Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

46.    Defendants lack sufficient information to admit or deny the allegation that Plaintiff was enrolled in the prison college program three months later. Defendants deny the remaining allegations contained in this paragraph.

47.    Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

48.    Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

49.    Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

50.     Defendants lack sufficient information to admit or deny the allegations contained in this paragraph.

51.     Defendants lack sufficient information to admit or deny the allegation that Plaintiff was taken to segregation without further incident.  Defendants deny the remaining allegations contained in this paragraph.

52.     Defendants admit that Plaintiff was transferred from Western Illinois Correctional Center, a medium-security facility, to Pontiac Correctional Center, a maximum-security facility, following the March 20, 2005, incident.  Defendants lack sufficient knowledge to admit or deny the remaining allegations in this paragraph.

53.     Defendants lack sufficient information to admit or deny the allegations contained in this paragraph.

54.     Defendants admit plaintiff was transferred from Western Illinois Correctional Center to Pontiac Correctional Center on March 20, 2005.  Defendants lack sufficient information to admit or deny the remaining allegations contained in this paragraph.

55.     Defendants admit plaintiff was transferred from Western Illinois Correctional Center to Pontiac Correctional Center on March 20, 2005.  Defendants lack sufficient information to admit or deny the remaining allegations contained in this paragraph.

56.     Defendants deny the allegations contained in this paragraph.

57.     Defendants deny that plaintiff has not been supplied the names of the officers who accompanied him on March 20, 2005.

58.     Defendants deny the allegations contained in this paragraph.

59.  Defendants deny the allegations contained in this paragraph.

60.  Defendants deny the allegations contained in this paragraph.

61.  Defendants deny the allegations contained in this paragraph.

62.  Defendants deny the allegations contained in this paragraph.

63.  Defendants deny the allegations contained in this paragraph.

64.  Defendants deny the allegations contained in this paragraph.

65.  Defendants deny the allegations contained in this paragraph.

66.  Defendants admit that they have not been disciplined.  Defendants remaining allegations contained in this paragraph.

67.  Defendants deny the allegations contained in this paragraph.

68.  Defendants admit Plaintiff has sought medical care while at Pontiac Correctional Center.  Defendants deny such medical care was necessary as a result of their actions.

69.  Defendants lack sufficient information to admit or deny the allegations contained in this paragraph.

70.  Defendants lack sufficient information to admit or deny the allegations contained in this paragraph.

71.  Defendants deny the allegations contained in this paragraph.

72.  Defendants deny the allegations contained in this paragraph.

73.  Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

74.  Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph.

75.  Defendants deny the allegations contained in this paragraph.

76.     Defendants deny the allegations contained in this paragraph.

77.     Defendants deny the allegations contained in this paragraph.

78.     Defendants deny the allegations contained in this paragraph.

79.     Defendants deny the allegations contained in this paragraph.

80.     Defendants admit Plaintiff has received medical attention while incarcerated at
        Pontiac Correctional Center.  Defendants lack sufficient information to admit or
        deny the remaining allegations contained in this paragraph.

81.     Defendants admit Plaintiff has received medical attention while incarcerated at
        Pontiac Correctional Center.  Defendants lack sufficient information to admit or
        deny the remaining allegations contained in this paragraph.

82.     Defendants deny that Plaintiff was attacked by prison officials at Western.
        Defendants lack sufficient information to admit or deny the remaining allegations
        contained in this paragraph.

83.     Defendants deny the allegations contained in this paragraph.

84.     Defendants admit Plaintiff has received medical treatment relating to his
        testicles.  Defendants lack sufficient information to admit or deny how many
        times Plaintiff has received such care or treatment.  Defendants deny the
        remaining allegations contained in this paragraph.

85.     Defendants deny the allegations contained in this paragraph.

## **Relief Requested**

Defendants deny that Plaintiff is entitled to any relief in this matter.

## AFFIRMATIVE DEFENSES

**Defense No. 1.**      At all times relevant herein, Defendants acted in good faith in the performance of their official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known.  Defendants are therefore protected from suit for damages by the doctrine of qualified immunity.

**Defense No. 2.**      To the extent Plaintiff seeks damages against Defendants in their official capacities, such claims are barred by the Eleventh Amendment to the United States Constitution.

**Defense No. 3.**      To the extent Plaintiff has failed to exhaust his administrative remedies in this matter, his claim is barred by 42 U.S.C. § 1997e(a).

Respectfully submitted,

Mark Haubrich, John Hamilton, Kent Johnson, Willie Hedden and Jeff Zeeck,

Defendants,

LISA MADIGAN, Attorney General
State of Illinois,

Attorney for Defendants,

By:   s/Christopher L. Higgerson
       Christopher L. Higgerson, #6256085
       Attorney for Defendants
       Assistant Attorney General
       500 South Second Street
       Springfield, IL  62706
       Telephone:  (217) 557-0261
       Facsimile:  (217) 524-5091
       chiggerson@atg.state.il.us

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| Michael Thomas, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   06-3020 |
| | ) | |
| Lt. Law, Lt. Marty Winston, | ) | |
| Correctional Officer Kevin Rigg, | ) | |
| Lt. John Doe, | ) | |
| Correctional Officer John Doe #1, | ) | |
| Correctional Officer John Doe #2, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2007, I electronically filed an Answer and Affirmative Defenses with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

None

and I hereby certify that on March 27, 2007, I mailed by United States Postal Service, the document to the following non-registered participant:

Michael Thomas, B-71744
Stateville Correctional Center
Route 53
PO Box 112
Joliet, IL 60434

Respectfully submitted,
 s/Christopher L. Higgerson
Christopher L. Higgerson, #6256085
Attorney for Defendants
Assistant Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 557-0261
Facsimile:  (217) 524-5091
chiggerson@atg.state.il.us