UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

MICHAEL THOMAS, pro se,

      PLAINTIFF,

  VS.                                          06-3020

BYRON LAW, MARTY WINSTON,
KEVIN RIGG, JEFF ZEECK,
KENT JOHNSON, JOHN HAMILTON,
MARK HAUBRICH and WILLIE HEDDEN,

      DEFENDANTS.

ORDER ON MOTION FOR SUMMARY JUDGMENT

      This case is before the court for consideration of the defendants' motion for summary judgment, the materials submitted in support of the motion, and those in opposition to the motion. The plaintiff claims that the defendants in their individual capacities subjected him to cruel and unusual punishment on two occasions — July 22, 2004 at the Western Illinois Correctional Center and March 20, 2005 at the Pontiac Correctional Center. The defendants deny the use of excessive force against the plaintiff on the occasions in question and also claim that he failed to exhaust his administrative remedies with regard to his claims.

      The court has read the plaintiff's deposition, the affidavits of inmate Byrant Campbell, Joyce Friel, ARB Administrator, and examined the medical records submitted by the parties. The court cannot conclude that there are no contested issues of material fact or that the trier of fact would be compelled as a matter of law to find in favor of the defendants. There are credibility questions existing in the conflicting statements of Thomas, Campbell and the corrections personnel that the court may not resolve . The defendant Rigg, if the trier of fact concludes that he stood by and did nothing to interfere in or correct the alleged conduct of the correctional officers under his supervision when he had the ability to do so, could be held liable. The medical records show inflamation of the plaintiff's epididymis which might or could have been the result of trauma. Exhaustion of administrative remedies is an affirmative defense and the defendants have the burden of proof and persuasion. Thomas claims he placed his appeals in the prison mail system, was charged postage, but that he was never answered. It is another fact question with required credibility judgments.

      The motion for summary judgment must be denied for the reasons stated.

IT IS THEREFORE ORDERED THAT:

1). The defendants' motion for summary judgment [d/e 65] is denied;

2). The clerk is directed to re-schedule this case for a final pretrial conference by video conference and trial on dates that suit the court's calendar;

3). The defendants' counsel is reminded that the defendants have the obligation to consult with the plaintiff and to prepare a suggested final pretrial order and file it with the court five business days prior to the scheduled pretrial conference.

ENTER this 2nd day of January 2008.

s\Harold A. Baker
_____
**Harold A. Baker**
**United States District Judge**