Dear

Feb 1, 2008

U.S. District Clerk for Harold A. Baker's court,

Re: Pending litigation, case No. 06-3020

Hello Clerk, my name is Michael Thomas. I currently have a case pending in Harold A. Baker's court. We are scheduled to commence trial by way of jury on March 3, 2008. I'm writing you because I wanted to give the judge the proposed jury instructions No. 1 - 7 (see attachments), and I wasn't sure if I should wait, or provide it for the court in case the court wanted me to correct or amend it so I am sending it to you now. Can you please give the judge these proposed jury instructions? Thank you.

Sincerely,

Michael Thomas

Michael Thomas #B-71744
Pontiac Correctional Center
P.O. Box 99
700 W. Lincoln St.
Pontiac, IL 61764

Proposed Jury Instruction #1

Convicted prisoners are protected from misuse of force by the cruel and unusual punishments clause of the 8th Amendment. Whether force violates the 8th Amendment depends entirely on whether it was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically in an excessive manner to cause harm. Hudson v. McMillian, 112 S.ct. 995, 998-99 (1992); also Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.ct. 1078. If there is no need for the use of force, the Constitution may be violated by small amounts of force that are unnecessary or unwarranted. Felix v. McCarthy, 939 F.2d 699, 701-02 (9th cir. 1991), cert denied, 112 S.ct. 1165 (1992); Jones v. Huff, 789 F.Supp. 526, 536 (N.D.N.Y. 1992) Even when some force may be appropriate in certain circumstances, striking a handcuffed person that is non-combative, is not justified. Lewis v. Downs, 774 F.2d 711, 714-15 (6th cir. 1985) The extent of injury is but one of the factors to be considered. Even if the injuries suffered were not permanent or severe, a plaintiff may still recover if the force used was unreasonable and excessive. Gray v. Spillman, 925 F.2d 90, 93 (4th cir. 1991); Felix, supra.

Proposed Jury Instruction #2

To establish Malice, a plaintiff need not be able to prove directly was in the officer's mind. The officer's actions themselves, in light of circumstances, may be sufficient to show malice. Hill v. Shelander, 992 F.2d 714, 717 (7th cir. 1993); Thomas v. Stalter, 20 F.3d 298, 302 (7th cir. 1994)

Proposed Jury Instruction #3

Damages may be awarded against a guard/officer that puts a loaded gun into a prisoner's face and threatened to kill him in violation of the 8th Amendment, if the actions of the guard/officer was uncalled for. Black v. Stephens, 662 F.2d 181, 189 (3d Cir. 1981), cert. denied, 455 U.S. 1008 (1982); also see Northington v. Jackson, 973 F.2d 1518, 1524 (10th Cir. 1992) such a threat made at gunpoint by prison officials is a wanton act of cruelty which is brutal despite the fact that it resulted in no measurable physical injury. See Burton v. Livingston, 791 F.2d 97, 100 (8th Cir. 1986)

Proposed Jury Instruction #4

An officer has a duty to try and stop another officer who summarily uses physical force to punish someone in the other officer's presence; This applies if the officer(s) use excessive force and the remaining officer stands by and watches without trying to intervene. Bates v. Bruner, 459 U.S. 1171, 103 S.Ct. 816, 74 L.Ed.2d 1014 (1984); Smith v. Heath, 691 F.2d 220 (6th cir. 1982); Byrd v. Brishke, 466 F.2d 6, 11 (7th Cir. 1972); Buckner v. Hollins, 983 F.2d 119, 12-22 (8th cir. 1993); Rascon v. Hardiman, 803 F.2d 269, 276-77 (7th Cir. 1986)

Proposed Jury Instruction #5

Federal law mandates that no prisoner shall bring an action in regard to incidents arising at a prison/jail until such administrative remedies as are available are exhausted first through prison grievances. However, these rules will be relaxed if the prisoner was prevented from pursuing his grievances by prison authorities which was not due to his fault, or because there was no available remedies to exhaust. Russo v. Palmes, 990 F.Supp. 1047 (N.D. Ill. 1998); Nitz v. French, No. 01 C 0229, 2001 WL 747445, at *3 (N.D. Ill. July 2, 2001) These rules will also be relaxed if the prisoner documents a reasonable attempt to exhaust that is either deliberately disregarded, or otherwise not responded to and the prison officials time to answer those grievances has expired. Long v. Lafko, No. 00 Civ. 723 (VM), 2001 WL 863422 at *2 n.1 (S.D. N.Y. July 31, 2001) (unpublished); also Jones v. DeTella, 12 F.Supp.2d 824, 826 (N.D. Ill. 1998); Witzke v. Femal, 376 F.3d 744 (7th Cir. 2004)

Proposed Jury Instruction #6

To be held liable, a defendant must have caused or participated in a constitutional violation. Sheik-Abdi v. McClellan, 37 F.3d 1240, 1245 (7th cir. 1994) The burden of proving constitutional violations are on the plaintiff. Waldrop v. Evans, 871 F.2d 1030 (11th cir. 1989) The plaintiff must prove more than a mere violation of his constitutional rights, but must demonstrate that the deprivation of these rights caused actual injury. Pino v. Dalsheim, 605 F. Supp. 1305

Proposed Jury Instruction # 7
---

Compensatory damages may be awarded when the plaintiff has shown that he/she has sustain a injury due to defendants unlawful acts or omissions. Compensatory damages may also include amounts for mental, physical, or emotional distress, or injuries. Harris v. Harvey, 605 F.2d 330 (7th cir. 1979) cert. denied, 445 U.S. 938, 100 S.ct. 1331, 63 L.Ed.2d 772 (1980). Punitive damages may also be awarded in addition to compensatory damages as a form of punishment against the wrongdoer, and to deter future acts or omissions when the wrongdoer's conduct demonstrated malicious misconduct, or ill-will, to the injured party, or a disregard to his constitutional rights. Smith v. Wade, 461 U.S. 30, 103 S.ct. 1625, 75 L.Ed.2d 632 (1983); Clark v. Beville, 730 F.2d 739 (11th cir. 1984)