The Eighth Amendment to the Constitution of the United States forbids infliction of cruel and unusual punishment. However, not every push or shove violates the constitutional rights of a prisoner. Rather, if the force used was applied in a good-faith effort to maintain or restore discipline, rather than maliciously and sadistically for the very purpose of causing harm, the eighth amendment is not violated.

Often, decisions involving security in prisons are made in haste and under pressure without the luxury of a second chance. The infliction of pain in the course of a prison security measure does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary, in the strict sense.

*Refused 3/14/07*

Defendants' No. 2
*Hudson v. McMillan*, 503 U.S. 1 (1992);
*Whitley v. Albers*, 475 U.S. 312 (1986)

Given          _____
Given as Modified  _____
Refused        _____
Withdrawn      _____

A *de minimus* use of physical force by correctional officers does not violate a prisoner's Eighth Amendment right to be free of cruel and unusual punishment. Use of force is *de minimus* unless it involves force that is repugnant to the conscience of mankind.

*Refused 3/14/08*

Defendants' No.   7
*Outlaw v. Newkirk*, 259 F.3d 833 (7th Cir. 2001)
*Hudson v. McMillan*, 503 U.S. 1 (1992)

Given          _____
Given as Modified   _____
Refused        _____
Withdrawn      _____

If you find for plaintiff, you may, but are not required to, assess punitive damages against defendant. The purpose of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against defendants. You may assess punitive damages only if you find that his conduct was in reckless disregard of plaintiff's rights. An action is in reckless disregard of plaintiff's rights if taken with knowledge that it may violate the law.

Plaintiff must prove by a preponderance of the evidence that defendants acted in reckless disregard of plaintiff's right not to be subjected to a malicious and sadistic use of force or failed to intervene on his behalf.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages are appropriate, then you must use sound reasoning in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following facts:

- the reprehensibility of defendants' conduct;
- the impact of defendants' conduct on plaintiff;
- the relationship between plaintiff and defendant;
- the likelihood that defendant would repeat the conduct if an award of punitive damages is not made;

*Refused 3/14/08*

- the relationship of any award of punitive damages to the amount of actual harm the plaintiff suffered.

| | |
|---|---|
| Defendants' No.   9 | Given   _____ |
| 7th Cir. P. I. 3.13 (modified) | Given as Modified   _____ |
| | Refused   _____ |
| | Withdrawn   _____ |