In The United States District Court Central District of Illinois For The Springfield Division

Michael Thomas,

Plaintiff,

v.

Case No. 06-3020

Bryon Law, et al.,

Defendants

## Motion For New Trial

Now COME plaintiff, Michael Thomas, respectfully requesting this court to grant this Motion For New Trial. In support of this Motion, plaintiff states as follow:

1) On March 11, 2008 a jury trial commenced for the excessive force claims described in complaint.

2) The claims regarded prison officials using unnecessary force on plaintiff on two (2) seperate occassions. Plaintiff asserted that officials made racial epithets or comments during both incidents, thus making this case, one with racial issues. However, no jury members or potential jury members were minorities; in fact all jury members and potential jury members were all white although that area or District (Champaign, Danville, Decatur, Jacksonville, Kankakee, Urbana, and Springfield) has large minority populations.

3) Plaintiff believes he was also denied a fair trial when he could not produce evidence from any of the inmates that were on the yard for the 7-22-04 incident to support his claim that:

    a) he NEVER refused to come off the yard;

    b) Officer Rigg was present on the yard when plaintiff was harm by defendants;

    c) that no force was needed

4) Plaintiff believes that these witnesses were not given enough time to come to court. The court/clerk only mailed notice or letters to these individuals about one (1) week before court, thus not giving these individuals enough time to make plans to come to the Urbana Federal Court. These individuals have probably never been to Urbana, don't have cars, or know how to get there, and may have been working, and would have needed more time.

5) At trial, defendants Attorney, Chris Higgerson, inflamed the jury by stating plaintiff was a "Black P. Stone" gang member when the evidence demonstrated that gangs had absolutely nothing whatsoever to do with these claims. Plaintiff objected to this matter, but the court overruled the objection. Plaintiff never denied he was not a gang member at one point in his life, however, he testified that he was not a gang member, and had

not been in a gang since he was a teenager (he is now 30 years old.) In spite of these facts, Attorney Higgerson, then further inflamed the jury by adding the fact that plaintiff even had a tattoo of the gang on his arm. However, Defendant Law admitted gangs had nothing to do with the claims. Defendant Law also stated it was against prison rules to get tattoos (such as covering up other tattoos or any new tattoos while in IDOC.) As a prisoner plaintiff cannot cover up this tattoo or he would face 6 months segregation. However, Ms. Higgerson felt the jury should know of the tattoo and that plaintiff was in a gang at some point in his life. This information was irrelevant and inflammatory especially considering the fact that plaintiff is already a prisoner.

6) Additionally, plaintiff believes the court erred when it did not allow plaintiff to impeach Defendants with crucial information. At the jury trial defendants Law and Winston admitted that they seized plaintiff and the other inmates and conducted a "search." Defendant Law testified that he "gently" grabbed plaintiff's testicle region to search for contraband because inmates at prison have been known "to hold [home made knives] there." However, Defendants Law and Winston denied a "search" ever occurred to this court in Defendants Answer to Complaint & Affirmative Defenses for paragraph #9 at docket entry #22. In fact Defendants further denied Defendant Law's presence earlier in this litigation (paragraph #9 at d/e #22) Defendant Law's presence later was proven by discovery where other officials (Winston) placed Law at the scene. Plaintiff believed that any information, evidence, or pleading that contradicted

defendants account of any or part of the issues could be used to impeach the witness. This court stated at trial that the Answer to complaint had not been offered and/or admitted, but it was plaintiff's understanding per the pretrial order that any party could amend their exhibits for good cause such as unexpected testimony. Plaintiff was definitely surprised and did not expect Winston or Law to change their version of the incident. Plaintiff believes that the jury should have heard this evidence because it shows inconsistency with defendants version of the event. First Defendants claim no search ever occurred and that Law was not present; then at trial (after discovery) Defendants now admit Law was present and a search did occur. This case highly regarded credibility issues and because of such, the jury should have heard this evidence

7) Plaintiff also ask that he is allowed a New trial because he could not marshal all facts with all medical professionals that did not work at IDOC. Dr. Brown (a doctor at Western, the same prison that defendants work out) did not fully explain the condition, or he only explained his beliefs of the condition, and other doctors could not do so which would have supported plaintiff's claims that this condition was not caused by another medical condition, but in fact by damage from injury. Medical opinion was crucial in this matter, therefore plaintiff should have been allowed to marshal these facts by the other doctors that evaluated and or treated him

8) Lastly, plaintiff would ask that an attorney is appointed because an attorney could have presented the medical evidence mentioned in paragraph #7 (above) and also located the witnesses to 7-22-04 incident that were released from IDOC to support plaintiff's claims. Because credibility was an issue, these witnesses were vital to the claims. As previously noted throughout this litigation, plaintiff was/is pro se, and had never conducted a trial himself without the assistance of counsel. He does not know the law like a lawyer and does not know what is allowed or not allowed and did not know what issues he could or could not pursue per federal law. However, he believes that all matters mentioned herein are in good faith.

WHEREFORE plaintiff request that he is granted a New Trial for all above stated facts.

Respectfully submitted,

*Michael Thomas*

Plaintiff, pro se

Michael Thomas #B71744
Pontiac Correctional Center
P.O. Box 99
700 W. Lincoln St.
Pontiac, IL 61764

Certificate of Service

On today, 3-18-08, I, Michael Thomas, certify that I filed this Motion for New Trial by giving same to Pontiac C.C. Law Library staff to electronically file with the U.S. District Court for the Central District of Illinois per the Pilot project.

To: U.S. District Court,        ) Clerk to provide copies to
    Central Dist. of Ill.       ) IAAG's, Jacob H. Smith,
    600 E. Monroe St.           ) Kelly R. Choate, and
    Springfield, IL 62701       ) Chris Higgerson

By: _Michael Thomas_            Michael Thomas
    Plaintiff, pro se           Prison Reg. # B71744
                                Pontiac C.C.
                                P.O. Box 99
                                700 W. Lincoln St.
                                Pontiac, IL 61764