UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL THOMAS,
    Plaintiff,

v.      06-3020

BRYON LAW, MARTY WINSTON,
MARK HAUBRICH, WILLIE HEDDEN,
KEVIN RIGG, and JOHN HAMILTON,
    Defendants.

ORDER

Before the court are the plaintiff's motion for a new trial [125], defendants' response [126] and the plaintiff's reply [127]. The plaintiff's motion is denied.

A trial was conducted in this matter on March 11, 13, and 14, 2008. At the close of Plaintiff's evidence, the court entered judgment for Defendant Rigg. The jury returned a verdict in favor of Defendants Law, Winston, Haubrich, Hedden, and Hamilton. Now Plaintiff files motion for a new trial, alleging several errors. A new trial should be granted when: (1) the verdict is against the weight of the evidence, (2) the verdict is either excessive or inadequate, (3) probative evidence is newly discovered, (4) conduct by the court, counsel or the jury improperly influences the deliberative process, or (5) for any other reasons the trial was not fair to the moving party. *Emmel v. Coca-Cola Bottling Co.*, 95 F.3d 627, 636 (7th Cir.1996). The Plaintiff has asserted five reasons that he believes he is entitled to a new trial.

First, the Plaintiff argues that since all of the jury members and the jury panel were white, he was denied a fair trial. However, in order to establish a prima facie case that his Sixth Amendment right to a venire drawn from a fair cross section of the community were violated, Plaintiff must show that (1) the group allegedly excluded is a distinctive part of the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that the under-representation is due to a systematic exclusion of the group in the jury selection process. *Duren v. Missouri*, 439 U.S. 357, 364 (1979). The Plaintiff alleges that this district has a large minority population. However, he has not shown, nor alleged, that there was any systematic exclusion or that the jury was not impartial.

Second, the Plaintiff argues that statements used by the defense counsel inflamed the jury. Specifically, Plaintiff argues the references to his past gang affiliation were unfair. However, these questions were relevant in the questioning of the Plaintiff. The plaintiff opened the door to questions regarding his past gang affiliation. During Plaintiff's direct testimony he made the comment that he was not in a gang. Since he spoke of this topic first, it was appropriate that questions of that topic were asked by the defendants. Furthermore, only two

questions were asked and only used for impeachment purposes.

   Third, the Plaintiff believes error was committed in not giving his witnesses enough time to respond to subpoenas and he was not allowed to call all medical professionals that he requested. This does not account for any error.  Although he is incarcerated, the Plaintiff is responsible for subpoenas and issuing them and paying the relevant fees.  He did not do so.  However, the court arranged video writs of all Plaintiff's witnesses that were still incarcerated or worked for the Illinois Department of Corrections and sent notice to the last known addresses of his other witnesses.   Furthermore, the court sent notice to all the medical professionals that Plaintiff requested.  The court took steps to help ensure that Plaintiff had access to these individuals.  For example, one doctor was allowed to participate by telephone and another doctor participated by video conference.  The fact that witnesses the Plaintiff wished to call but did not properly subpoena did not appear is not error.

   Fourth, the Plaintiff believes that the lack of legal counsel prevented him from a fair trial.  Plaintiff states that counsel could have presented medical evidence and located witnesses that are no longer incarcerated.  The Plaintiff does not have a constitutional right to the appointment of counsel to represent him in a civil rights case.  *Childs v. Duckworth*, 705 F3d 915 (7th Cir. 1983).  The issues in this case were not complex. The Plaintiff clearly demonstrated that he is competent to represent himself and make his points clear to a finder of fact.

   Finally, the Plaintiff claims that he was unable to impeach the defendants with crucial information.  Specifically, he states that he was not allowed to use the defendants' answer to his complaint.  However, during the cross-examination, Plaintiff did not attempt to use the answer to cross any of the defendants.  Only after the evidence was closed did the Plaintiff decide that he wanted to add more exhibits.

   The Plaintiff was allowed to present his case to an impartial jury.  The fact the jury found against him does not entitle him to a new trial.

It is therefore ordered:

1.    Based on the foregoing, the Plaintiff's motion for a new trial [125] is denied.

Enter this 12th day of February 2009.

**s\Harold A. Baker**

_____
Harold A. Baker
United States District Judge